**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>KEVIN J. FLYNN & IRENE R. FLYNN,<br><br>DEFENDANTS | **CIVIL ACTION NO.: 2:25-cv-00146-LEW** |

# JUDGMENT OF FORECLOSURE AND ORDER OF SALE

**(Title to Real Estate Involved)**
**Mortgage Recorded in York County Registry of Deeds in Book 15392, Page 864**
**Street Address: 16 Eastman Road, Springvale, ME 04083**

This matter came before the Court upon the Motion for Default Judgment (the "Motion") filed by Plaintiff United States Department of Agriculture (the "Plaintiff") seeking judgment by default against Kevin J. Flynn and Irene R. Flynn ("Defendants"). Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1. Pursuant to 14 M.R.S.A § 2401(3), this Court finds that:

   a. The names and addresses of the parties and counsel of record are as follows:

| Party | Counsel |
| --- | --- |
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |
| Kevin J. Flynn<br>24 State Street, Apt. 42<br>Biddeford, ME 04005 | None |
| Irene R. Flynn<br>24 State Street, Apt. 42<br>Biddeford, ME 04005 | None |

b. The docket number of this case is **2:25-cv-00146-LEW.**

c. Service of the documents required by Fed. R. Civ. P. 4(e)(1) was made in hand upon the Defendants, and the Defendants received notice of this action in accordance with the Maine Rules of Civil Procedure ("Me.R.Civ. P.") 4(c)(2); and

d. The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 4 m. below.

2. Defendants Kevin J. Flynn and Irene R. Flynn were served on or about December 12, 2024, by certified mail with the statutory notice pursuant to 14 M.R.S.A. § 6111 which set out the default under terms of the Promissory Note and Mortgage (ECF Nos. 1-7):

a. Defendants defaulted upon the terms of the Loan as evidenced by the Promissory Note on April 9, 2008, by failure to make the payments when due;

b. Notice was made to Defendants of the Right to Cure the default by January 21, 2025;

c. As of the date of the 14 M.S.R.A. § 6111 Notice of mortgagor's right to cure, the amount needed to cure the default was $190,304.48, which was itemized as follows:

| | |
|---|---|
| Past due payments of principal, interest and escrows: | $ 146,691.43 |
| Preservation and inspection fees: | $ 41,389.57 |
| Late Charges: | $ 153.48 |
| Attorney's Fees and Costs: | $ 2,070.00 |
| Less Subsidy: | $ - 0.00 |
| **TOTAL CURE AMOUNT** | **$ 190,304.48** |

d. Upon qualified testimony and the record within this Court, Defendants failed to make a cure of the default.

3. On July 2, 2025, the Clerk entered Defendants' default for failure to appear, plead, or otherwise defend this action.

4. By virtue of the default, the following allegations of the Amended Complaint are established as facts:

a. This is an action for foreclosure and sale respecting the real property located at or about 16 Eastman Road, Town of Sanford, County of York, and State of Maine (the "Property");

b. Defendants are individuals residing at 24 State Street, Apt. 42, City of Biddeford, County of York, and State of Maine;

c. On or about April 9, 2008, Defendants executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $177,700.00. A true copy of the Note is attached as Exhibit 1 to the Amended Complaint;

d. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendants, on or about April 9, 2008, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"). A true copy of the Mortgage is attached as Exhibit 2 to the Amended Complaint;

e. The Mortgage secures the obligations of Defendants under the terms of the Note;

f. The Property is more particularly described in the Mortgage recorded in the York County Registry of Deeds in Book 15392, Page 864;

g. Under the terms of the Loan Documents, if Borrower defaulted in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h. Defaults now exist under the terms of the Note in that, among other things, Defendants have failed to make the monthly payment that came due under the Note on February 9, 2016, and all other payments that have come due thereunder;

i. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j. As a result of the defaults under the terms of the Note, Defendants have breached the condition of the Mortgage;

k. The Defendants have been defaulted under Fed. R. Civ. P. 55(b)(2);

l. By virtue of the Borrowers' and/or Defendants' breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure and sale on the property;

m. As set forth in the Mortgage attached as Exhibit 2 to the Amended Complaint, the Property is bounded and described as follows:

A certain lot or parcel of land, with the buildings thereon, situated in the Village of Springvale, Town of Sanford, County of York, and State of Maine, and being Lot No. 3 on the Plan of Lots of Westwood Heights Southerly Section "A" dated September 20, 1962, and drawn by York Engineering & Surveying Associates, recorded in the York County Registry of Deeds in Plan Book 33, Page 38, and being situated on the Easterly side of Eastman Road.

Also, another certain lot or parcel of land, situated in said Springvale, and being a part of Lot 2 on the above-described plan, bounded and described as follows:

> **BEGINNING** at an iron pipe at the Southwesterly corner of Lot 3 and running in a Southerly direction along said Eastman Road 40 feet to an iron hub in the ground; thence running in an Easterly direction 127 feet, more or less, to an iron hub in the ground at the Westerly side of Chapman Brook; thence running in a Northerly direction along said Brook 40 feet, more or less, to an iron hub at the Southeasterly corner of Lot 3; thence running in a Westerly direction along the boundary of Lot 3 130 feet, more or less, to an iron hub at Eastman Road and to the point of beginning.

5. As of October 7, 2026, the date of the hearing, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled $339,981.83, and consisted of the following:

| | |
|---|---|
| Principal | $156,674.95 |
| Interest to October 7, 2026 | $90,534.42 |
| Subsidy | $14,063.76 |
| Other Fees | $78,708.70 |
| **TOTAL** | **$339,981.83** |

Additional interest continues to accrue on the principal portion of this balance at the rate of $23.0720 per day after that date.

6. Pursuant to 14 M.R.S.A. § 1602-B(2), pre-judgment interest is accruing on the principal portion of this balance at the Note rate of 5.3750% per year, or $23.0720 per day from and after December 15, 2024, through and including the date of this Judgment.

7. Pursuant to 14 M.R.S. § 1602-C, post-judgment interest will accrue upon entry of the Judgment at the rate of 9.51%. Post-judgment interest on any post-sale deficiency will be at the "money judgment" rate set forth in 28 U.S.C. § 1961.

8. Plaintiff has incurred costs in the amount of $6,637.78 and costs of $1,042.22 for legal services which costs are separately supported by the Affidavit of Counsel

specifying services, billed hours and rates in connection with this action. Plaintiff is awarded its attorney's fees and costs in the amount of $7,680.00 as due and owing on the Note and Mortgage.

9. Plaintiff's claim for attorney's fees is allowed pursuant to Federal Rule of Civil Procedure 54(d)(2)(A).

10. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

11. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND: The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of Defendants, Defendants' successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A. § 6324.

ACCORDINGLY, it is hereby **ORDERED** that:

A. Unless within ninety (90) days from the date hereof, Defendants pay the Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, the Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B. The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C. A Writ of Possession shall be issued to the Plaintiff for possession of the Property if it is not redeemed within the time set forth above, as aforesaid.

D. The Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Fed. R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security.

Dated this 13th day of October, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge